### George S. Coe and others

#### v.

### The New Jersey Midland Railway Company and others.

By virtue of an agreement with the owner of certain lands, a railroad company, before paying the sum stipulated, entered upon the land, built their road thereon and included it in a general mortgage of their lands, &c. After their insolvency, and the appointment of a receiver by this court, the owner applied for the payment of the amount. It appearing that the sum agreed upon was grossly exorbitant, the court refused to order its payment, but directed that the compensation justly due the owner be ascertained and paid.

Bill to foreclose. On petition of Francis B. Wallace for an order that the receivers in this cause pay to him certain moneys, and interest thereon, which the New Jersey Midland Railway Company agreed to pay him for land occupied by them with their railroad, &c.

*Mr. John Linn,* for the petitioner.

*Mr. Alexander,* of New York, for the complainants.

The Chancellor.

According to the statements of the petition, the petitioner, on the 1st of July, 1870, agreed to sell to the railroad com-

pany, for their railroad, certain land belonging to him, and the timber thereon, for the sum of $2,572.73; he reserving all minerals in the property. They also agreed, as part of the consideration, to fence the land and keep the fence in repair. They took possession of the land, and laid down their track thereon, and it has been used by them, or by the receivers, ever since, the track being part of the main road.

In October, 1874, the petitioner demanded a settlement, and it was then agreed, between the company and him, that he would accept their promissory notes, running through a period of fifteen months, for the price, with the understanding that, if the notes were paid at their maturity, he would convey the land to the company; but, otherwise, he was to be at liberty to have recourse to his legal remedies for the recovery of the property. The notes were not, in fact, given, nor was the agreement signed, and the matter rested on the verbal understanding between the parties, until the proceedings in insolvency were taken. The land has, ever since then, been, as it still is, in the possession of the receivers appointed by this court. Mr. Garret A. Hobart was appointed receiver in the insolvency proceedings. Subsequently, this suit, for foreclosure of the first mortgage on the railroad, was commenced, and, under it, Mr. Hobart and Mr. James W. McCulloh were appointed receivers. The petition asks that an order may be made, directing them to pay to the petitioner the amount which the company agreed to pay him, with interest. It appears, very clearly, by the evidence taken under the order to show cause, granted on filing the petition, that the price which was agreed upon for the land and damages is about three times as much as ought to have been awarded by commissioners or a jury. The title to the land is still in the petitioner. It was never conveyed to the company. If I were satisfied that the price was not unreasonable, I would, in order to preserve the integrity of the mortgaged premises, to which the property is essential, direct that it be paid, but I am unwilling to authorize the payment of an exorbitant price. On the other

hand, I would not, under the circumstances, permit the petitioner, were he to seek to do so, to retake the land, because, by his consent, it has become a part of the railroad, and has been improved, and for years has been in use as such. He is entitled only to compensation, and, under the circumstances, it is a mere question of value. *Pickert* v. *Ridgefield Park R. R. Co.*, 10 *C. E. Gr.* 316, and cases there cited, especially, *Wood* v. *Charing Cross Railw. Co.*, 33 *Beav.* 290. See, also, *Erie R. R. Co.* v. *Del., Lack. & West. R. R. Co.*, 6 *C. E. Gr.* 283. It may be remarked that the company has not yet lost its corporate existence, or been deprived of its franchises, it being within the provision of the third section of the act of March 8th, 1877, entitled "A supplement to an act entitled 'An act concerning corporations' (*Rev.* p. 1289), approved April 7th, 1875," and it is within the power of this court to permit it to take proceedings to condemn the land if such course were necessary.

The prayer of the petition is not, in the alternative, for pay or possession. The petitioner does not seek to be permitted to take possession of the property, but only asks for an order directing the payment of the money which the company agreed to pay him, and interest thereon; but he may well be considered, for the purposes of this decision, as asking for possession, in case such payment be not ordered.

While I decline, for the reasons I have given, to make the order for which application is made, I will direct the payment of just compensation, to be ascertained by this court.